Good morning, your honors. Would you kindly please record. I'm David Kevin, and I am representing the appellant, Brent Lee. You're going to watch the clock, and you're going to save about two minutes from my rebuttal. The first challenge Mr. Lee is raising to his sentencing in this case was that his trial counsel raised a specific, non-frivolous argument in favor of a low-guideline sentence in this case that did connect to factors under Section 3553A and that the district judge, in imposing the sentence, did not actually address that argument. The specific argument was that Mr. Lee, by the time of his federal sentencing, has served over a year in state custody in connection with state prosecution for the same conduct that underlay the provocation of the Supreme Court's release. Is there some interest in what the standard of review is, whether or not counsel objected at the time? Right. The government is arguing they should be reviewed for plain error only. I'm disputing that because the Rule 51, the Federal Rule of Criminal Procedure 51, and this court's website indicate that when the error is simultaneous with the court's issuance of a ruling it's not technically correct to say that there can be an objection afterwards. What happens afterwards is only taking an exception. Rule 51 says it's not necessary to take exception to reserve. But you're saying that the court did specifically rule on one of your sentencing arguments, right? Right. So why does it, in United States v. Cardi, we affirm the district court's sentence despite the district court not explicitly rejecting the defendant's sentencing argument, why doesn't our holding in Cardi foreclose Lee's argument on that? I don't believe that this Rule 51 issue was presented in Cardi, and I do believe that there are arguments that the Rule 51 argument could have been made and was not made. So I would simply say that it's something that lurks in the record but wasn't actually addressed by the court. Cardi doesn't really help you, does it? No, I would say it doesn't help or hurt on this particular issue. If you look at the way the sentencing progressed, my colleague, the trial lawyer, initially did a written filing disposition memorandum. She made this argument about the state time in custody. She reiterated the argument, I believe, at least a couple of times at the final disposition hearing. The last time was just before the court went on to oppose sentence, and then the court simply went on and opposed the sentence. The error we're complaining of happens simultaneously with the imposition of sentence. So our position is that it should not be the procedure or statute. It should be the ordinary statute that applies to that. Of course, the fading case on this particular issue is the United States v. Trujillo, in which there was a failure to address Dr. Lo's arguments, and that was thought to be a reversal error. Okay, so did you ask him to deny that harmless error standard just because this was an argument? Well, as far as the harmlessness in Trujillo itself, the court simply said this is really a policy requirement that those specific arguments be addressed explicitly by the court. It generates confidence in the judicial process. The court didn't seem to find it necessary to address whether there was specific harm that could be shown in a policy requirement like this. It doesn't necessarily make sense to show prejudice or to show the court would have come with a different conclusion. If that is necessary to be shown, I would argue that to say that it's not that there's no possible and no reasonable probability of a different outcome if the court actually addressed the specific arguments tends to cast doubt on the whole process by which sentencing is conducted, where the attorneys are invited to and expected to make arguments in favor of the sentence that they prefer. So I do believe that if it's necessary to find a reasonable probability of a different outcome, that that should be shown here, given that as my colleague pointed out, there was over a year in custody served in the same conduct to the extent that deterrence and rehabilitation are required to be considered impertinent in a federal sentence. That is obviously should be a major factor for the court to have taken into account, possibly if it had really considered and addressed it, but it's been to a different result. If there are no further questions on that particular issue, I'll move on to the supervised release conditions. A few of them are special conditions. The first one I want to address is the substance abuse treatment requirement that was objected to several times. There's no dispute over the standard applicable to that. The trial attorney basically said, looking at the disposition report, looking at the record, the clean drug tests, universally always clean drug tests, that there was no evidence to support the idea that my client was to be required to pay substance abuse treatment condition. Well, I think he, I mean there's some indication that he was doing a little drinking and that did the probation officer have a couple instances where that was happening? There were two instances where the probation officer made unannounced visits and the breath test indicated alcohol. And my client's statement was that he had a beer after work. And what my colleague said to the trial court was, a beer after work on two different occasions doesn't show a substance abuse problem. Now the government argues well it could be assumed maybe he's having more than those two beers he was caught having. And I'm willing to accept that for purposes of argument, but if he has a beer after work a few times a week, it still doesn't show he has even an alcohol problem, let alone a substance abuse problem. Despite that, the conditions were imposed. So the condition though was the probation officer had the ability to say that he doesn't have to attend counseling if he shows he doesn't have a substance abuse problem, right? Right. So there was a doubt. Well that was a statement that the district court made in the course of explaining her justification. My argument is that that really compounds the error because it seems to me that the district judge was saying I'm going to essentially delegate to the probation officer whether this is required. And I am going to place the burden on you Mr. Lee to show the probation officer you don't require this. And of course as the court made plain in the Weber case among others, the burdens don't work that way. The burdens are exactly the opposite. Lee has to be hired for there to be an allegation problem, right? The first part, I'm sorry? Lee has to be harmed for there to be an allegation problem, doesn't he? Yes. And Weber also says that there's no issue of fragrance or the ability to challenge on direct appeal for any condition that's imposed as part of the judgment, which is the case here. So I don't think there has to be a specific sort of showing of prejudice that's your suggestion. Save the balance of my time. Alright. Thank you. Good morning ma'am. Jason Corrigan. I think some trivia from the district committee as well. Good morning. It's our position that the district court engaged in the delegate balance that it is required to to consider the argument put forth by defense counsel along with its obligations under 35 and the 83 AED for revalidation and insurance for lost and poorly protected community. Did the district court actually explain why it worked, why it disagreed with the argument which seems so determined and possible to me that she should be sent to the federal court to pay a sentence that is 50% longer than the one who was sentenced to the city court. Well your honor, one of the reasons it was 50% more is because of its criminal history. Its guideline range was 18 to 24. She sent someone to the lower end of the guideline range and so that was where the court was operating from. The court never expressly stated I am rejecting your argument but the district recognized on three separate occasions that the defense was in for 12 months and a day. And she even said we may well deserve this but her overriding concern was she wanted to hear about the domestic violence incident that took place six months after the defense for which she was convicted. The court was clearly aware as to how she starts off the first instance. And that defense was not the subject of the revocation proceeding right? That was for something else? That's correct. There was a hearing at the disposition on an allegation of domestic violence that was not related to the conviction. But the court was mostly interested in it because there was history involved with the defendant and others of domestic violence and the court wanted to get to the bottom of whether or not it was another incident in this case. The court started out the first disposition hearing there were three of them. I have your memory right in front of me. The next time we gathered she kept recognizing 12 months 12 months. So the court was clearly focused on what the defense was asking but just as clearly the defendant in court was focused on its desire to protect the community from an individual that she found all too often engaged in illegal gunplay and along with domestic violence. And so it was her obligation to weigh those two competing interests equally well and decided that the limit of the guideline range was more appropriate to protect the community from the substance requested by the defense. So put that on the record. Would the record support the conclusion that he has a substance abuse problem? It does. There were instances where he was drinking but what about his drugs? There was nothing in the record about drugs. Presently there was an indication that he had used drugs in the past but the primary focus was in this case was that in violation of his terms on the term of supervisory did concern alcohol. First there's the substance abuse. There's two separate conditions here. The one is the substance abuse and the one is the alcohol. What evidence supports the substance abuse? The substance abuse is still in the history because Mary had been doing it while he was on supervision did not indicate the presence of drugs. So why is the condition warranted? In large part because originally it was alloged based on the history of the defendant and the court's concern that while he had been free he was starting to violate by drinking alcohol and she also sees well suddenly there's a domestic violence incident and then there's another domestic violence incident. How does that justify the substance abuse condition? It may well have been the court but the court was more or less urging those to be in alcohols which was the primary focus for the condition. Well alcohol was really the problem and we can get to that in a minute. Can you put the evidence in order for the alcohol condition? I'm sorry? If the two incidences of having a beer was really a problem that might support the alcohol condition but how does it support the substance abuse condition? The alcohol would not support the substance abuse condition. So what supports the substance abuse condition? Well on the state of the record is what has happened in the past including his respect for the drug user and the ongoing program for it He successfully went through a program for it, right? He successfully completed a test program by putting on, yes, on alcohol though the probation office was concerned about that he would sit back for a more testing and another program but within about two months he suffered knee risk due to the infection. Now you can see the computer condition should not make any notes to you. We don't. Okay. What about the standard conditions? What's bothering me there is that it seems as though they're rather over broad and the Guest Sentencing Commission has now issued guidelines about how to suit these standards. How do you respond to that? Well there's things like the courts. This time of the penny which just came out a few weeks ago we're sure that they didn't decide that held that because there had not really been a lot of case law interactions on the appellate court, the court itself since the court did not do it in plain error, it was not in line with direction. The other thing is that, what's that? Can you spell that case for me? It's Q-U-E-S-A-D-A-D-A. Is that? Yes, I know. But things are heating up and it's going to be working. Okay, thanks. With that, basically it was among the same issues, actually the same issues, was that the jurors were interfering because the court had not noticed that there might be an error in imposing these conditions. Also at the time that the sentence was imposed in this case, the disposition was imposed, those were the conditions that were still enforced under the guidelines. Did you know what about the MNCD case? I recognize it's a memorandum of disposition. Yes. But it also was stripped down to these conditions. In Bed City, it was more as implied. Actually, in Bed City, it raised two conditions. One was, it was told to support his dependence, but he didn't have any dependence. So of course, there was no reason to impose that condition. The other one was that Mr. Bed City lived on the Navajo Indian Reservation, which covers Arizona, Mexico, and Utah. And it was a problem with which district and which geographic area he could be or not be. They would sit back so that the court could tighten up that condition and better inform the decision. In this case, we don't have any point of argument that he would have been dependent. Mr. Lee is suffering from any of those other disabilities. This is just more of a general attack on the conditions in and of themselves, just in the same conditions. Do we have any other questions? No. Is there any answer? Is there an answer? Just quickly, as far as the first point, Trujillo, the government says that the district court was focused on quote, what the defense was asking for. And that's accurate. The district court addressed the specific request for 12 months to the day. But that doesn't really amount to addressing the argument in favor of the specific argument. And of course, Trujillo, and the documents underlying Trujillo, are free to say that it's the argument that has to be specifically addressed, not just the sentence that's specifically requested. When counsel was asked about the support for the substance abuse condition, his response was, well, it was opposed because it was originally imposed. I think the record is consistent with that. We don't have to be a rocket scientist to know that when people have substance abuse issues, it's an up and down situation. It doesn't usually just go away. It's something that has to be kept in mind. Just going to a program and successfully completing that doesn't mean they're not going to have another substance abuse problem, as opposed to someone that's never had that problem. Well, and I'm not conceding that Mr. Lee is not someone that's never had that problem. Even if you look at the evidence from the presumption brought all the way back to 2003, which itself looks back to an earlier recidivist report from Texas around 2001-2002, even if you look at that and squeeze it for all it's worth, it doesn't show that he had a substance abuse problem even in the early part of the 2000s. There are some scattered references to substance abuse. There's an indication that he asked for treatment because he thought he could do treatment instead of going to prison. And just some scraps, that's about it. So even if, aside from being a decade and a half old and out of date even for whatever it's worth back then, it doesn't show he's one of those people that had the kind of problems that would persist. Do you say alcohol, drugs, guns, and domestic violence give rise to? They're not a good combination. Let's just put it that way. I'm not going to make any arguments. I'm going to go around here. If there are no further questions. I have a question. So as you read an argument, as I understand it, that the court didn't address the argument about a lot of things to the state court. Do you have any authority about whether that needs to be done when the court intends a guideline for the public? Well, I think that I'm trying to remember whether in Trujillo the court gave a guideline since I think the answer is yes. And as I understand, Trujillo, and they read a language on which Trujillo primarily relies is to say specifically when someone, when the court is intending to impose a guideline sentence but can also argue for something below the guidelines and makes a non-Trujillo specific argument tendered to 3553A factors there's an obligation to address that. So your position is there's still an obligation to address it even if the court is going to sentence it below and before guidelines? That's correct, Your Honor. There is certainly language to read that says there are some cases where the court just follows the guidelines and the case seems to fall within the wheelhouse of the guidelines that not much explanation is necessary. But then there also is language that Trujillo relies upon which says when there is a specific argument of this type, it really should be addressed. Just very quickly, as far as the standard conditions, the District of Arizona has now adopted a new set of standard conditions which remove a lot of the vagueness that we are challenging. If this were remanded and he were resentenced I presume a new standard conditions would be imposed. Well, I mean, given the government's decision on the computer condition we're going to have to remand at least on that so that could meet the standard objections argument. I think that's correct, Your Honor. Thank you very much.
judges: Wardlaw, Gould, Callahan